IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ANGELIS : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 23-460 |
| : | |
| PHILADELPHIA HOUSING : | |
| AUTHORITY : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                      **DECEMBER 10, 2024**

Presently before the Court is Defendant Philadelphia Housing Authority's ("Defendant" or "PHA") Motion to Dismiss Plaintiff Daniel Angelis's Second Amended Complaint (ECF No. 18). For the following reasons, Defendant's Motion is granted in part and denied in part.

This employment discrimination case arises out of Plaintiff's short tenure at the PHA. Plaintiff asserts claims against the PHA for violations of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100 *et seq.* ("PFPO").

Defendant's Motion will be granted as to Plaintiff's retaliation claims premised on disability or a request for accommodation under the ADA, the PHRA, and the PFPO (Counts IV, VII, and X). Defendant's Motion will be denied as to all other claims.

**I.      LEGAL STANDARD**

"[A] plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" to survive a motion to dismiss pursuant to Rule 12(b)(6). *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint has facial plausibility when

there is enough factual content 'that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When considering the sufficiency of a complaint on a 12(b)(6) motion, a court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The court should also consider the exhibits attached to the complaint and matters of public record. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

A complaint that merely alleges entitlement to relief, without alleging facts that show such an entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A complaint must contain "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## II. DISCUSSION

On February 15, 2024, we denied Defendant's Motion to Dismiss as to sexual orientation discrimination under Title VII, the PHRA, and the PFPO (Counts I, II, VIII); disability discrimination under the ADA and the PFPO (Counts III, IX); and retaliation based on sexual orientation under Title VII, the PHRA, and the PFPO (Counts VI, VII, X). We found that Plaintiff

plausibly stated these claims. (*See* 2/15/24 Mem. at 15-27, 36-43.) Given that Plaintiff's Second Amended Complaint restates and builds upon Plaintiff's prior allegations, we decline to revisit our analysis as to these claims and deny Defendant's present Motion to the extent it seeks their dismissal.

For claims we previously dismissed, Plaintiff's Second Amended Complaint includes supplemental allegations intended to address the deficiencies noted in our prior Memorandum. Our analysis therefore focuses on whether Plaintiff has now adequately pled the following claims that were previously dismissed without prejudice:

- Discrimination on the basis of sex under Title VII, the PHRA, and the PFPO (Counts I, II, VIII);
- Disability discrimination under the PHRA (Count V);
- Hostile work environment under Title VII, the PHRA, and the PFPO (Counts I, II, VIII);
- Failure to accommodate under the ADA, the PHRA, and the PFPO (Counts III, V, IX); and
- Retaliation on the basis of sex and disability under the ADA, Title VII, the PHRA, and the PFPO (Counts IV, VI, VII, X).

(Mem. & Opinion, ECF No. 14 at 1.) With respect to these claims, we deny Defendant's Motion as to sex discrimination, disability discrimination, hostile work environment, failure to accommodate, and retaliation based on sex. We grant Defendant's Motion as to any retaliation claims premised on Plaintiff's disability and/or requests for accommodation.

A. **Sex Discrimination Under Title VII, the PHRA, and the PFPO**

Even though we previously found that Plaintiff failed to plead an independent sex discrimination claim, we also noted that "the line between sexual orientation discrimination and discrimination 'because of sex' can be difficult to draw." *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 291 (3d Cir. 2009). In revisiting this issue for the present Motion, we find that there is not an adequate basis for distinguishing sexual orientation discrimination from sex discrimination. As the Supreme Court explained in *Bostock v. Clayton Cnty., Georgia* with regard to Title VII:

> It is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex. Consider, for example, an employer with two employees, both of whom are attracted to men. The two individuals are, to the employer's mind, materially identical in all respects, except that one is a man and the other a woman. If the employer fires the male employee for no reason other than the fact he is attracted to men, the employer discriminates against him for traits or actions it tolerates in his female colleague.

590 U.S. 644, 660 (2020).

Relying on *Bostock*, in *Brooks v. Temple Univ. Health Sys.* the court held that the plaintiff employee established a prime facie case for sex discrimination against his employer under Title VII, the PHRA, and the PFPO based on the homophobic slurs he was subjected to prior to his termination. No. 21-1803, 2022 WL 1062981, at *12 (E.D. Pa. April 8, 2022); *see also In re Tribune Media Co.*, 902 F.3d 384 (3d Cir. 2018) (applying Title VII framework to a case that also included claims under the PHRA and the PFPO).[1] Consistent with this case law, we find that discrimination based on an individual's sexual orientation is sex-based discrimination. *See Bostock*, 590 U.S. at 660; *see also Doe v. Indep. Blue Cross,* 703 F. Supp. 3d 540, 547 (E.D. Pa. 2023) (finding that "[d]iscrimination based on an individual's transgender status is sex-based discrimination."). We therefore decline to distinguish the concept of discrimination based on sex from that based on sexual orientation and deny Defendant's Motion with respect to sex discrimination.

    B.    <u>**Disability Discrimination Under the PHRA (Count V)**</u>

We previously found that Plaintiff's First Amended Complaint had not pled a claim for disability discrimination under the PHRA. (2/15/24 Mem. at 24.) We explained that the PHRA entails a more stringent standard to show a disability than the ADA and the PFPO. *See Szarawara*

---

[1] The Court notes that unlike Title VII and the PHRA, the PFPO's text includes "sexual orientation" as a protected classification. The Parties have not briefed whether the inclusion of sexual orientation as a distinct classification in the PFPO has any bearing on how we interpret the term "sex" in the PFPO, and we do not address the issue here.

*v. Cnty. of Montgomery*, No. 12-5714, 2013 WL 3230691, at *2 (E.D. Pa. June 27, 2013) ("The ADAAA relaxed the ADA's standard for disability, . . . but the PHRA has not been similarly amended, necessitating separate analysis of Plaintiff's ADA and the PHRA claims.") (internal citations omitted); *see also Amorosi v. Molino*, No. 06-5524, 2009 WL 737338, at *3 (E.D. Pa. Mar. 19, 2009) (explaining that the PFPO adopts the same definition of disability as the ADA). Applying the PHRA's more exacting standard to show disability, we found that "Plaintiff has not pled facts from which we can infer the nature or severity of his condition, its duration or expected duration, or any expected permanent or long-term impacts associated with it." (2/15/24 Mem. at 23.)

Plaintiff's Second Amended Complaint now also alleges that his anxiety disorders "cause him to experience dissociation, hyperventilation, heart palpitations, chest pain, and panic attacks" and "prevent him from receiving restful sleep at night." (Sec. Am. Compl., ECF No. 17 ¶¶ 14-15.) Plaintiff further alleges that he has Post Traumatic Stress Disorder and Major Depressive Disorder, which can cause "panic attacks, [] dissociation, and … debilitating fatigue." (*Id.*)  With these supplemental allegations, we can plausibly infer a disability under the more exacting standard of the PHRA.  Defendant's Motion to Dismiss is therefore denied as to Plaintiff's claim for disability discrimination under the PHRA.

        C.    <u>Hostile Work Environment Under Title VII, the PHRA, and the PFPO (Counts I, II, VIII)</u>

We previously found that Plaintiff adequately "pled that he was subject to a hostile work environment" but had not alleged facts to permit a plausible inference that Defendant was liable for its employees' actions.  (2/15/24 Mem. at 30.)   We elaborated that, with respect to Plaintiff's supervisor Richard Brown, Plaintiff had not pled enough facts about his "authority to take tangible

5

employment actions against Plaintiff" for us to determine whether he was "a supervisor only in name" or "wielded the power to cause Plaintiff 'direct economic harm[.]'" (*Id.* at 35-36.)

Employer liability for a hostile work environment depends on whether the harasser is a co-worker or the victim's supervisor. *Huston v. Proctor & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009). If the hostile work environment was created by the plaintiff's co-worker and not a supervisor, an employer is liable only if it was "negligent in controlling working conditions." *Vance v. Ball State Univ.*, 570 U.S 421, 424 (2013). "In cases in which the harasser is a 'supervisor,' however, different rules apply." *Id.* Specifically, if the supervisor's harassment culminates in a tangible employment action the employer is strictly liable; however, if no tangible employment action is taken, the employer has an affirmative defense available. *Id.* In addition, the Supreme Court has held that an employee is a "supervisor" for these purposes "if he or she is empowered by the employer to take tangible employment actions against the victim." *Id.* at 450.

Here, Plaintiff's Second Amended Complaint adds allegations that "[a]s a Network Technician, Plaintiff reported directly to Richard Brown," who acted as Plaintiff's manager and "had the discretion to hire, promote, and terminate Defendant's employees, including Plaintiff." (Sec. Am. Compl. ¶ 13.) Based on these allegations, we can plausibly infer that Brown was empowered to take tangible employment action such that Defendant may be liable for his actions. *See Vance*, 570 U.S. at 424. We therefore deny Defendant's Motion as to Plaintiff's hostile work environment claims under Title VII, the PHRA, and the PFPO.

D.   **Failure to Accommodate Under the ADA, the PHRA, and the PFPO (Counts III, V, IX)**

We previously dismissed Plaintiff's failure to accommodate claims because, although Plaintiff established the other elements of the claims, he failed to "allege[] that Defendant could have reasonably accommodated him." (2/15/24 Mem. at 27-29.) Based on additional allegations

in the Second Amended Complaint, Plaintiff has pled facts from which we can plausibly infer that Defendant could have accommodated his requests.

To state a failure to accommodate claim, Plaintiff must plead that "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006). Under the ADA, "[o]nce an accommodation is requested, the employer is required to engage in the interactive process during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them." *Bielich v. Johnson & Johnson, Inc.*, 6 F. Supp. 3d 589, 617 (W.D. Pa. 2014).

Here, Plaintiff initially alleged that he disclosed his disability to a human resources representative and requested (1) flexibility in calling out of work and (2) a system in the office whereby a co-worker could review his work as needed. (Sec. Am. Compl. ¶¶ 16, 20-21.) Plaintiff also alleged that the human resources representative "refused to meaningfully engage with his request." (*Id.* ¶ 21.) In his Second Amended Complaint, he further alleges that "Defendant had multiple employees with the skill and ability to review his work product," that his team had "four (4) additional Network Technicians," and that "it was not uncommon for other Network Technicians to call out of work pursuant to their health." (*Id.* ¶ 22.) We find that these additional allegations satisfy the fourth element of Plaintiff's failure to accommodate claims and we therefore deny Defendant's Motion to Dismiss those claims.

E. **Retaliation Under the ADA, Title VII, the PHRA, and the PFPO (Counts IV, VI, VII, X)**

We previously dismissed without prejudice Plaintiff's claims of retaliation based on sex and disability. For the reasons discussed *supra* at Section II.A regarding sex-based and sexual

orientation-based discrimination, we likewise decline to distinguish sex-based and sexual orientation-based retaliation.  We therefore deny Defendant's Motion as to sex-based retaliation. *See Bostock*, 590 U.S. at 660 ("It is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex.").

With respect to Plaintiff's retaliation claim premised on disability and/or request for accommodation, Plaintiff's Second Amended Complaint again fails to state a plausible claim.

To survive a motion to dismiss for a retaliation claim, a plaintiff must plead "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [they] engaged in [protected] conduct . . .; (2) the employer took adverse action against [them]; and (3) a causal link exists between [their] protected conduct and the employer's adverse action."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citing *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994)); *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).  Filing an internal complaint of discrimination and requesting a reasonable accommodation are deemed to be protected activity.  *See Shellenberger v. Summit Bancorp Inc.*, 318 F.3d 183, 191 (3d Cir. 2003); *Bailey v. Commerce Nat. Ins. Servs., Inc.*, 267 F. App'x. 167, 170 (3d Cir. 2008).  Protected conduct includes not only filing "formal charges of discrimination" but also "informal protests of discriminatory employment practices, including complaints to management."  *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

Regarding disability-based retaliation, we previously found that Plaintiff plausibly alleged two protected activities: requesting a reasonable accommodation on October 28, 2020, and filing a formal complaint of disability discrimination on November 19, 2020.  (2/15/24 Mem. at 41-42.) We also found that Plaintiff plausibly alleged two adverse actions: being denied access to network tools after disclosing a disability, and being terminated approximately two weeks after filing a

formal complaint (*Id.* at 42.)  However, we explained that Plaintiff failed to sufficiently plead a causal link between his instances of protected conduct and Defendant's adverse actions. (*Id.* at 43.)

Plaintiff's Second Amended Complaint does not cure these deficiencies as it still lacks facts from which we could infer causation for his disability-based retaliation claim. We therefore grant Defendant's Motion to Dismiss as to any retaliation claim premised on disability and/or request for accommodation under the ADA, the PHRA, and the PFPO.

As Plaintiff has already twice amended his Complaint, we dismiss these claims with prejudice. *See Wright v. United States*, No. 22-1164, 2023 WL 4540469, at *2 (3d Cir. July 14, 2023) (affirming dismissal with prejudice where plaintiff had "ample opportunities to make her case" and complaint still suffered from multiple fatal flaws); *see also Martin v. Impact Health*, 2024 WL 3512069, at *5 (E.D. Pa. July 23, 2024) (dismissing complaint with prejudice where plaintiffs already had multiple opportunities to state claims).

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion is granted in part and denied in part. An appropriate Order follows.